**LIGHT PUB. CO. v. KEERAN. (No. 7403.)\***

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1925. Rehearing Denied Dec. 5, 1925.)

1. **Courts ⟨⟩90(1)—Where suit for libel was based on almost identical publications and issues were same as in previous trial, same decision will be rendered on appeal.**

Where facts in suit for libel were almost identical with those in a similar suit based on a different article and issues were identical, the same inferences and deductions being drawn from the facts by the same trial judge, the appellate court will render the same decision.

2. **Libel and slander ⟨⟩7(11)—Publication charging plaintiff with violation of Prohibition Law held libelous.**

An article stating that plaintiff was charged with violation of 1922 Tariff Act and unlawfully possessing and transporting liquor, and with being connected with smuggling of liquor, is libelous.

3. **Courts ⟨⟩90(1)—Judgment rendered by same trial judge in suits involving identical facts held not excessive, where no proof of misconduct or prejudice.**

Where suit for libel was tried before same trial judge, who tried a previous case on almost identical facts and who rendered judgment for same amount as in previous case, which was sustained, in absence of proof showing misconduct or prejudice, such judgment is not excessive.

4. **Evidence ⟨⟩314(1)—Exclusion of answer obviously hearsay held not error.**

In suit for libel, it was not error to exclude answer of a witness which was obviously hearsay testimony.

Appeal from District Court, Victoria County; John M. Green, Judge.

Suit by Claude A. Keeran against the Light Publishing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

T. R. Wood, of Victoria, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Proctor, Vandenberge, Crain & Mitchell, Fly & Ragsdale, and V. B. Proctor, all of Victoria, for appellee.

COBBS, J. This suit is brought by appellee against appellant for damages because of the following libelous article published in the San Antonio Light, a newspaper of wide circulation, on July 12, 1924:

"Rich Rancher Arrested on Rum Charge.

"Liquor Boat Seized in Lavaca Waters.

"San Antonio Rangers Take Part in Breaking up Alleged Conspiracy.

"Claude A. Keeran, a wealthy Victoria county ranchman, was placed under $3,000 bond at Victoria Friday afternoon, following the filing of complaints charging him with violation of the 1922 Tariff Act [42 Stat. U. S. 858] and unlawfully possessing and transporting liquor. Keeran is one of six men alleged to have been connected with the wholesale smuggling of liquor into Texas by boat.

"Filing of complaints against him followed the seizure of the steamship Olga at Port Lavaca, suspected of having participated in the liquor trade.

"Caught Wee Kago.

"Keeran was arrested a week ago by Rangers Taylor and Gillon and his automobile containing five cases of gin was seized. Keeran claimed that the liquor had been unloaded on his ranch and taken by a negro to Victoria. He said he was taking the liquor back to the water front when the arrest was made.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted January 27, 1926.

"Rangers and customs officers claim that liquor from New Orleans has been landing at Port Lavaca for some time. In addition to the liquor seized from Keeran, rangers captured a truckload of bonded goods in San Antonio ten days ago. Advices from Galveston state that several truckloads were seized at Port Lavaca prior to the seizure of the Olga.

"Seek Others.

"According to Ranger Captain B. C. Baldwin, a prominent New Orleans man and two at Fort Worth are wanted in connection with the smuggling.

"Officers believe that the liquor was brought to the 12-mile limit by steamship and taken into Port Lavaca by small fishing boats. The operations, they claim, extended all along the Texas coast and furnished liquor for a number of Texas cities."

This article was alleged to be false and libelous and "wrongfully, willfully, and maliciously published." The truth of all the said allegations were negatived and denied.

Appellant's defense, among other things, admitted the publication and alleged that the publication itself and the imputations reasonably and properly deduced therefrom were true in substance and in fact, and that if they were not true defendant believed them to be true and the publication was made in good faith; that the publication was privileged, in that it was a reasonable and fair comment of matters of public concern published for general information, without any malice whatever.

[1] The case was tried before the court without a jury, and upon all the issues of fact the court found for the appellee, and the material facts as found are fully predicated upon similar facts found in the Express Publishing Company Case. The facts in this case are almost identical with those in the suit of Express Publishing Co. v. Keeran (Tex. Civ. App.) 274 S. W. 335, wherein a judgment was obtained by appellee. There is a slight difference in the language of the publications in the two papers, but we fail to see how that can affect the case, since the publications were based on the same facts and found by the same trial judge. Both are alleged to be privileged communications based upon court proceedings in a court of justice, and faithful newspapers owe a high duty to the public in the dissemination of the truth in such matters; but they do so at their own peril. If the judgment is one that should be sustained in the one case, there is no sufficient reason shown why it should not be sustained in the other. The general circulation of the newspapers was in the identical territory, only the San Antonio Express, a morning newspaper, had a somewhat larger circulation than the San Antonio Light, an evening paper.

[2] The publication declared upon in this case was plainly libelous, as we held in Express Publishing Co. v. Keeran (Tex. Civ. App.) 274 S. W. 335. The two cases are so nearly similar in every detail that we shall not discuss the facts except in so far as they are applicable to the law of this case. While the language used in the two publications is a little different, they are so much alike as to permit the same inference and deductions to be drawn therefrom. In the case of Express Co. v. Keeran, it was found, as here, that no intoxicating liquor had ever been introduced through or into the port of Port Lavaca by appellee, and that he was not in any conspiracy and committed no offense of smuggling nor engaged in smuggling operations, and was never charged therewith.

[3] This case was tried before the same trial judge who tried the Express Company Case, supra, who rendered judgment for the same amount as herein, and there is no proof showing any misconduct or prejudice; hence it is not excessive. In view of our decision in the Express Company v. Keeran Case, supra, we can see no reason to hold differently here. It would indeed be a strange inconsistency so to do.

[4] We do not think there was any error in excluding the answer of the witness Gillon or Dewees, because obviously it was hearsay testimony. The case is excellently briefed, but we cannot reverse ourselves and hold differently on the same state of facts, because of the shade of difference in the publication, since the same inferences and deductions were clearly drawn from the facts by the same trial judge.

We have carefully examined the record and the admirable briefs of counsel and find no reversible error assigned; therefore the judgment of the trial court is affirmed.